UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ADRIAN L. WINGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00124-TWP-MPB |
| | ) | |
| EDDES, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Screening Complaint, Dismissing Insufficient Claims,
and Directing Issuance and Service of Process**

Plaintiff Adrian Wingo, *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional right of access to the courts under the Fourteenth Amendment. Because Mr. Wingo, an inmate Plainfield Correctional Facility ("Plainfield"), is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

### I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

On January 14, 2020, Mr. Wingo filed a complaint against Sgt. Eddes or Edas, a correctional officer at Plainfield. Mr. Wingo seeks monetary damages. He also requests that an explanation be sent to his sentencing judge and that Sgt. Eddes be demoted in rank.

Mr. Wingo alleges the following in his complaint. On February 19, 2019, while incarcerated at Plainfield, Mr. Wingo placed into the offender mailbox legal mail that pertained to a sentence modification. That same day, Sgt. Eddes told the inmates that the crew from the previous night was supposed to empty the offender mailbox but had not. Sgt. Eddes then stated that he would take the mail to be delivered. Sgt. Eddes was the officer-in-charge for that scheduled shift and the only officer with keys to the offender mailbox. Sgt. Eddes was seen removing the mail from the box and heading to the officer booth. A few days later, the mail was found in the trash. Another inmate who worked in the recycling department knocked on Mr. Wingo's cell door, confirmed that the mail belonged to Mr. Wingo, and returned the mail to him. Mr. Wingo alleges that Sgt. Eddes threw the mail away.

## III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Mr. Wingo's complaint can be construed to allege a violation of the First and Fourteenth Amendments, specifically a violation of his right of access to the courts, which includes a right to

be free from prison officials unduly interfering with legal mail. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). To state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct. *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Id*.; *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (a plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim."). Here, Mr. Wingo alleges that Sgt. Eddes threw away his legal mail, thus "hindering [his] deadline date," and "breach[ing]" his "time limit" for a sentence modification. Dkt. 1 at 2-4. These allegations are sufficient to state a claim.

Mr. Wingo's right to access-to-courts claim brought under the First and Fourteenth Amendments against Sgt. Eddes **shall proceed**. This is the only viable claim identified by the Court. If Mr. Wingo believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 27, 2020**, to identify those claims.

### IV. Summary and Service of Process

The action **shall proceed** with a Fourteenth Amendment access-to-courts claim against Sgt. Eddes or Edas. Mr. Wingo shall have **through July 27, 2020**, to notify the Court of any additional claims he believes he raised.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to defendant Sgt. Eddes or Edas in the manner specified by Federal Rule of Civil Procedure 4(d).

Process shall consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 6/30/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ADRIAN L. WINGO
220751
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronic service to Indiana Department of Correction employees:

Sergeant Eddes or Edas – Plainfield Correctional Facility