UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ADRIAN L. WINGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00124-TWP-MPB |
| | ) |
| SGT. EADS, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

This matter is before the Court on Defendant Sergeant Glen Eads ("Sgt. Eads") Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 12). Plaintiff Adrian L. Wingo ("Mr. Wingo") initiated this civil rights action against Sgt. Eads, alleging denial of access to the courts. by, a correctional officer at Pendleton Correctional Facility ("Pendleton"). Mr. Wingo has filed no response. For the reasons discussed in this Order, Sgt. Eads' motion for judgment on the pleadings must be **granted**.

## I. LEGAL STANDARD

After the pleadings are closed, but early enough not to delay trial, a defendant may move for judgment on the pleadings for reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). The complaint must state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). A reviewing court draws all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014). Because the plaintiff is proceeding without the assistance of counsel, his pleading is construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As identified in its Screening Order, *see* dkt. 14, Mr. Wingo's complaint can be construed to allege a violation of his right of access to the courts, which includes a right to be free from prison officials unduly interfering with legal mail. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). To state a right to access-to-courts claim, a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct. *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Id.*; *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (a plaintiff "must allege that some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim.").

Here, Mr. Wingo alleges in his complaint that Sgt. Eads threw away his legal mail to his "sentencing judge," thus "hindering [his] deadline date," and "breach[ing]" his "time limit" for a sentence modification. Dkt. 1 at 2-4. However, as Sgt. Eads correctly points out in his motion for judgment on the pleadings, Mr. Wingo pleads no specific prejudice resulting from the delay in his filing, and indeed Mr. Wingo suffered no such prejudice. The Court takes judicial notice of Mr. Wingo's sentencing docket in the Marion Superior Court Criminal Division, *State of Ind.v. Adrian Wingo*, Case No. 49G01-1510-F5-037540, particularly the sentencing court's March 6, 2019 order dismissing Mr. Wingo's motion for sentence modification as successive and barred by the doctrine of *res judicata*. *See* dkt. 24-1 (Exhibit B: Order Denying Motion).

Mr. Wingo has failed to allege that Sgt. Eads "frustrated or ... imped[ed] an attempt to bring a nonfrivolous legal claim," *In re Maxy*, 674 F.3d at 661, as is required of him. Accordingly, Sgt. Eads' motion for judgment on the pleadings is **GRANTED**. Mr. Wingo's complaint is **DISMISSED for failure to state a claim upon which relief can be granted.**

### III. CONCLUSION

Sgt. Eads' motion for judgment on the pleadings, dkt. [24], is **GRANTED.** This action is **DISMISSED for failure to state a claim upon which relief can be granted.** Final judgment consistent with this ruling shall now issue.

**IT IS SO ORDERED.**

Date: 6/22/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ADRIAN L. WINGO
5803 Sebring Dr.
Indianapolis, IN 46254

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
molly.mccann@atg.in.gov